**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**BRADLEY ROBERT PRESTIDGE,**

    **Plaintiff,**

v.                                                  **Case No. 2:23-cv-00268**

**BON SECOURS MEDICAL GROUP HAMPTON
ROADS SPECIALTY CARE, LLC,**

**BON SECOURS DEPAUL MEDICAL CENTER, LLC,**

**and MARYVIEW HOSPITAL, LLC,**

    **Defendants.**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bon Secours Medical Group Hampton Roads Specialty Care, LLC ("BSMG"), Bon Secours DePaul Medical Center LLC ("BS DePaul") and Maryview Hospital LLC ("Maryview") (collectively, "Defendants"), by counsel, timely remove the above-captioned action from the Circuit Court for the City of Norfolk, Virginia, to the United States District Court for the Eastern District of Virginia.[1] This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq*. Complete diversity of citizenship exists between Plaintiff and all Defendants, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of removal, Defendants state as follows:

---

[1] By filing this removal action, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on lack of personal jurisdiction, improper venue, the doctrine of *forum non conveniens*, or any other applicable grounds.

1. On June 13, 2023, Plaintiff Bradley Robert Prestidge filed a Complaint captioned *Bradley Robert Prestidge v. Bon Secours Medical Group Hampton Roads Specialty Care, LLC, et al.*, Case No. CL23-8557, in the Circuit Court for the City of Norfolk, Virginia, against Defendants. *See* Complaint, **Exhibit A.**

2. Plaintiff alleges employment law violations against Defendants, claiming he was terminated on the basis of his age and/or disability and demands judgment in the amount of $2,000,000.

3. Plaintiff has not served the Complaint on the Defendants; however, a copy was obtained by Defendants from the Circuit Court of Norfolk clerk's office on June 14, 2023.

## Venue and Jursidiction

4. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Circuit Court of Norfolk is located within the area embraced by the Eastern District of Virginia, Norfolk Division.

5. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents on file in the Circuit Court of Norfolk, Virginia, is included with **Exhibit A**. With the filing of this Notice of Removal, moreover, Defendants are paying the prescribed filing fee, filing proof of filing of the Notice with the Clerk of the State Court along with proof of service on all adverse parties, and complying with all local rules. A copy of the notice provided to the state court (without exhibits) is attached as **Exhibit B.**

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendants have not been served with the Summons and Complaint as of the filing of this removal, and this Notice of Removal is filed within thirty (30) days of receipt by Defendants of the initial pleading.

7. Removal of this action is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties based on the following:

a. Plaintiff is a citizen of Texas.

b. Defendant BSMG is a Virginia limited liability company whose sole member is Bon Secours Mercy Health Medical Group LLC ("BSMHMG"). BSMHMG is an Ohio limited liability company whose sole member is Bon Secours Mercy Health, Inc. ("BSMH"). BSMH is a Maryland corporation with its principal place of business in Ohio. Thus, BSMG is a citizen of Maryland and Ohio.

c. Defendant BS DePaul was a Virginia limited liability company that was merged into Maryview Hospital LLC ("Maryview") in 2021. Maryview is a Virginia limited liability company whose sole member is Bon Secours Hampton Roads Health System LLC ("BSHRHS").[2] BSHRHS is a Virginia limited liability company whose sole member is BSMH. BSMH is a Maryland corporation with its principal place of business in Ohio. Thus, BS DePaul is a citizen of Maryland and Ohio.

d. Defendant Maryview is a Virginia limited liability company whose sole member is BSHRHS. BSHRHS is a Virginia limited liability company whose sole member is BSMH. BSMH is a Maryland corporation with its principal place of business in Ohio. Thus, Maryview is a citizen of Maryland and Ohio.

e. Thus, complete diversity of citizenship exists between Plaintiff and Defendants at the time of filing of this Notice of Removal for purposes of 28 U.S.C. § 1332 and 28 U.S.C. §1441.

---

[2] Prior to merging into Maryview, BS DePaul was a Virginia limited liability company whose sole member was BSHRHS, which is a Virginia limited liability company whose sole member is BSMH, which is a Maryland corporation with its principal place of business in Ohio.

8. Plaintiff's Complaint seeks compensatory damages in the amount of $2,000,000. Thus, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, satisfying the jurisdictional amount for federal diversity jurisdiction under 28 U.S.C. § 1332.

9. Although none of the Defendants are citizens of Virginia, removal would still be proper even if they were because the forum defendant rule set forth in 28 U.S.C. § 1441 is not applicable and does not prevent removal. Specifically, the plain language of this statute limits its application to defendants that are "properly joined and served." 28 U.S.C. 1441(b)(2); *Spigner v. Apple Hosp. Reit, Inc.*, No. 3:21cv758 (DJN), 2022 U.S. Dist. LEXIS 86059, at *13 (E.D. Va. Mar. 1, 2022); *see also*, *Blankenship v. Napolitano*, Civil Action No. 2:19-cv-00236, 2019 U.S. Dist. LEXIS 118731, at *4 (S.D.W. Va. July 17, 2019) (applying plain meaning of 28 U.S.C. § 1441(b)(2) to permit removal of cause of action before forum defendant has been served.) Because none of the Defendants have been "properly joined and served" as of the time of this removal, the forum defendant rule is not triggered and does not prevent removal.

10. Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, and 1446 because the removal is timely, complete diversity exists between Defendants and Plaintiff, and the amount in controversy exceeds $75,000. Accordingly, Defendants hereby remove Plaintiff's lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

11. Contemporaneous with the filing of this Notice, the Defendants will provide to the adverse party, by counsel, written notice of this Notice of Removal.

Dated: June 14, 2023

                                          Respectfully submitted,

                                          **BON SECOURS MEDICAL GROUP HAMPTON**

**ROADS SPECIALTY CARE, LLC, BON SECOURS DEPAUL MEDICAL CENTER, LLC, and MARYVIEW HOSPITAL, LLC**

By:  /s/ Matthew J. Hundley
        Counsel

Kathleen M. McCauley, Esquire (VSB No. 39028)
Matthew J. Hundley, Esquire (VSB No. 76865)
Moran Reeves & Conn PC
1211 East Cary Street
Richmond, Virginia 23219
(804) 421-6250 Phone
(804) 421-6251 Facsimile
kmccauley@moranreevesconn.com
mhundley@moranreevesconn.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this 14th day of June, 2023, I mailed and emailed a true copy of the foregoing to:

>Kevin E. Martingayle, Esquire
>Bischoff Martingayle, P.C.
>3704 Pacific Avenue, Suite 300
>Virginia Beach, VA 23451
>Telephone: (757) 233-9991
>Facsimile: (757) 428-6982
>martingayle@bischoffmartingayle.com
>*Counsel for Plaintiff*

                                                                 /s/ Matthew J. Hundley